UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
OCTAVIA O'BRIEN,

                Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------------------------------------X

**FILED**
**CLERK**
4:37 pm, Jan 22, 2024
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM OF DECISION & ORDER**

22-CV-7614(GRB)

**GARY R. BROWN, United States District Judge**:

    In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff Octavia O'Brien ("Plaintiff" or "Claimant") challenges final determinations by the Commissioner of the Social Security Administration ("Defendant" or "Commissioner") that she was ineligible to receive Social Security disability insurance benefits. *See* Docket Entry ("DE") 1. Presently before the Court are the parties' cross motions, pursuant to Fed R. Civ. P. 12(c), for judgment on the pleadings. DE 15, 16.

    In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence rule, deference accorded to ALJ decisions, evaluation of vocational evidence and the weight accorded to medical provider opinions. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, 516 F. Supp. 3d 211 (E.D.N.Y. 2021), which discussion is hereby incorporated by reference.

    Furthermore, the central factual questions are brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as further

1

discussed in *Madigan v. Comm'r of Soc. Sec.*, 525 F.Supp.3d 413, 415 (E.D.N.Y. 2021).  Here, those issues are markedly narrow.  Principally, counsel for plaintiff contends that the ALJ erred in failing to consider the impact of side effects of medication prescribed to plaintiff, as well as the interference of chronic pain on her ability to concentrate in evaluating her ability to work.  DE 15-2.  In response, the Commissioner contends that the ALJ noted that plaintiff had not been compliant in taking the subject medication and that the evidence failed to demonstrate that plaintiff had taken such medication or suffered any side effects.  DE 16-2 (citing Tr. 34, 37, 56, 291, 298 and 700–01).  As to her ability to concentrate, counsel persuasively demonstrated that, notwithstanding a finding by Dr. Haq regarding her ability to concentrate, Tr. 676, the record evidence demonstrated that examination revealed that plaintiff had a normal attention span.  Tr. 9, 491.  The ALJ clearly considered Dr. Haq's opinions, noting that the doctor offered no opinion regarding her residual functional capacity, as Haq was "unsure" about most of her alleged limitations.  Tr. 38.

In considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence. *See Zacharopoulos*, 516 F. Supp. 3d at 220 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C. § 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'") (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013)).  It appears that the ALJ properly assessed the plaintiff's residual functional capacity given that plaintiff's history showed "essentially normal physical limitations and conservative care."  Tr. 37.  Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and plaintiff's motion is denied.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       January 22, 2024

                                          /s/ Gary R. Brown
                                          GARY R. BROWN
                                          United States District Judge